UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DARLENE C. PENDARVIS | CIVIL ACTION |
| VERSUS | NO. 26-1206 |
| OCHSNER CLINIC ET AL. | SECTION "J" (3) |

## <u>REPORT AND RECOMMENDATION</u>

*Pro se* Plaintiff Darlene C. Pendarvis filed this 42 U.S.C. § 1983 action against the Ochsner Clinic, the Jefferson Parish Sheriff Office, Medical Board of Louisiana, and Louisiana State Police.[1] Plaintiff's claims arise from an incident on February 11, 2020, when an Ochsner physician allegedly sexually assaulted Plaintiff.[2] According to Plaintiff, Defendants failed to investigate and respond to the assault after she reported it.[3]

## I.  Mandatory Screening Provisions

The Court has permitted Plaintiff to proceed *in forma pauperis* in the instant proceeding under the provisions of 28 U.S.C. § 1915(a). Summons has not issued, however, to allow the Court to review Plaintiff's Complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. Plaintiff's Complaint does not meet the *in forma pauperis* requirements.

"There is no absolute right to be allowed to proceed in forma pauperis in civil matters; rather it is a privilege extended to those unable to pay filing fees when the

---

[1] R. Doc. 1 at 2–3.

[2] *Id*. at 4.

[3] *Id*. at 4–5, 9–14.

action is not frivolous or malicious." *Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969). "It is left to the discretion of the court to which the application is made to determine whether the petition on its face is frivolous or lacking in merit." *Id.*

28 U.S.C. § 1915(e)(2) requires summary dismissal *sua sponte* should the Court determine that a case is frivolous or fails to state a claim on which relief may be granted. It provides, in pertinent part:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
>> **(A)** the allegation of poverty is untrue; or
>> **(B)** the action or appeal--
>> **(i)** is frivolous or malicious;
>> **(ii)** fails to state a claim on which relief may be granted; or
>> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). A complaint is frivolous "if it lacks an arguable basis in law or fact." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A complaint fails to state a claim upon which relief may be granted when it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## II.    Analysis

### A.    Plaintiff's claims that Defendants failed to investigate her assault are not cognizable under Section 1983.

"Failure to investigate or prosecute an offense does not give rise to § 1983 liability." *Rolen v. City of Brownfield, Tex.*, 182 F. App'x 362, 364 (5th Cir. 2006) (affirming dismissal of § 1983 claim that defendants violated plaintiff's rights by

2

failing to investigate an alleged sexual assault). Thus, Plaintiff's claims that Defendants failed to investigate her sexual assault are not cognizable under Section 1983.

### B.    Plaintiff's substantive due process claims are untimely.

"The substantive component of the Due Process Clause under the Fourteenth Amendment secures the right to be free of state-occasioned damage to a person's bodily integrity." *Tyson v. Sabine*, 42 F.4th 508, 517 (5th Cir. 2022) (quotation and citation omitted). "[P]hysical sexual abuse by a state official violates the right to bodily integrity." *Id.* (citation omitted).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Doe 1 v. City View Indep. Sch. Dist.*, 150 F.4th 668, 674 (5th Cir. 2025) (quotation omitted). "§ 1983 claims are subject to state personal injury statutes of limitations." *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 759 (5th Cir. 2015) (citations omitted); *see Owens v. Okure*, 488 U.S. 235, 249–250 (1989). Thus, Louisiana's one-year prescriptive period for torts applies.[4] *See* La. Civ. Code art. 3492; *Schaefer v. Peralta*, No. CV 16-17784, 2017 WL 6055153, at *3 (E.D. La. Dec. 7, 2017) (citing *Helton v. Clements*, 832 F.2d 332, 334 (5th Cir.

---

[4] *See Allied World Nat'l Assurance Co. v. Nisus Corp.*, 134 F.4th 821, 827 n.3 (5th Cir. 2025) ("Under La. Civ. Code art. 3493.1, Louisiana now has a two-year prescription period for torts, but this new provision only applies to actions arising after July 1, 2024.") (citing 2024 La. Sess. Law Serv. Act 423 (H.B. 315); *Haygood v. Morrison*, 116 F.4th 439, 445 n.4 (5th Cir. 2024)).

1987)). Plaintiff alleges that she was assaulted on February 11, 2020. Because Plaintiff filed this case on June 5, 2026, almost six years after the events at issue occurred, her claims are untimely.

Equitable tolling does not revive Plaintiff's claims. "[W]hen a federal cause of action borrows a state statute of limitations, it also borrows state tolling rules." *Doe 1*, 150 F.4th at 675 (citation omitted). "Louisiana law allows for suspension of prescription under the doctrine of *contra non valentem*." *Broussard v. Brown*, 599 F. App'x 188 (5th Cir. 2015) (citing *Corsey v. Louisiana,* 375 So.2d 1319, 1321–22 (La.1979)). "*Contra non valentem* pauses prescriptive periods where the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant." *Jack v. Evonik Corp.*, 79 F.4th 547, 562 (5th Cir. 2023) (citations and quotations omitted). Plaintiff reported that she was sexually assaulted on February 24, 2020.[5] There is no indication that Plaintiff was ignorant of the facts supporting her claim. Thus, *contra non valentem* does not apply, and Plaintiff's substantive due process claims are time-barred.

### C.    State Law Claims

It is unclear whether Plaintiff intended to assert state law claims. In any event, the Court should decline to consider such state law claims because Plaintiff lacks a valid federal claim. *Batiste v. Island Records*, Inc., 179 F.3d 217, 227 (5th Cir. 1999). The Court therefore recommends that jurisdiction be declined over any supplemental state law claims and that those claims be dismissed without prejudice.

---

[5] *Id*. at 4.

### D.    Leave to Amend

"Ordinarily, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed." *Wiggins v. Louisiana St. Univ.-Health Care Services Division*, 710 F. App'x 625, 627 (5th Cir. 2017) (internal quotation marks omitted). Leave to amend is not required, however, when an amendment would be futile, *i.e.*, "an amended complaint would still 'fail to survive a Rule 12(b)(6) motion.'" *See Stem v. Gomez*, 813 F.3d 205, 215–16 (5th Cir. 2016) (citations omitted).

Under the circumstances, it does not appear that Plaintiff will be able to state any cognizable federal claims consistent with the facts alleged. For that reason, leave to amend, should Plaintiff seek it, should be denied on the present record.

## III.    Recommendation

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's federal claims be **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over any state law claims under 28 U.S.C. § 1367(c) and that such claims be **DISMISSED WITHOUT PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party

5

has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 30th day of June, 2026.

EVA J. DOSSIER
UNITED STATES MAGISTRATE JUDGE

6